IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD STONE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LATOYA HUGHES, in her official capacity as the Director of the Illinois Department of Corrections, <br><br> Defendant. | No. 21-cv-5616 |

**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT**

Pursuant to Fed. R. Civ. P. 23(e) and 23(h), Plaintiffs respectfully request that the Court enter an order approving settlement of class counsel's attorneys' fees. In support, Plaintiffs state as follows:

1. This case was certified as a class action on behalf of "All individuals currently or in the future detained in the Illinois Department of Corrections who are required to register as sex offenders pursuant to the Sex Offender Registration Act (730 ILCS 150), have completed their sentences of incarceration, and are entitled to release from prison onto MSR for a determinate period of time, but remain detained imprisoned because they are unable to secure an approved host site at which to live while on MSR." ECF 97 (amended class definition).

2. The Court granted Plaintiffs' motion for a preliminary injunction on August 30, 2022, and "enjoined [Defendant] from holding members of the certified

class in prison past their release dates due to their inability to secure an approved 'host site' at which to reside while on mandatory supervised release." ECF 78.

3. The IDOC is in substantial compliance with the preliminary injunction. Persons with determinate MSR sentences are being released on their release dates. There is sufficient housing through the Intensive Community Reintegration Program ("ICRP") to accommodate those who cannot afford to obtain their own host sites.

4. At present there is only one person in custody beyond the date he was approved for release on to MSR due to an inability to secure housing. His case presents unusual and special circumstances. This individual's mother filed a petition for compassionate release pursuant to the Joe Coleman Medical Release Act, 730 ILCS 5/3-3-14, which permits the PRB to approve early release of medically incapacitated persons. The individual was granted medical release by the PRB. Unfortunately, his mother was unable to accept him into her home due to his physical disabilities and need for 24-hour nursing care, which she is unable to accommodate in her home. The IDOC is presently seeking a nursing home placement for this individual and will release him as soon as a suitable placement becomes available.

5. Because Plaintiffs and the class have obtained the relief they sought through this lawsuit—*i.e.*, class members are being released from custody upon completion of their prison terms without regard to their ability to pay for housing—

Plaintiffs believe that it is appropriate to conclude the case and settle their claims for attorneys' fees and costs.

7. The parties have negotiated a settlement of fees and costs whereby Defendant has agreed to pay a total of $218,340 to resolve all claims for fees and costs incurred by Plaintiffs' counsel in representing the class. Plaintiffs' counsel incurred 535 hours of attorney time to bring this case to a successful resolution. The work performed included interviewing numerous members of the class, drafting the complaint, litigating motions for class certification and a preliminary injunction, responding to Defendant's two motions to dismiss, defending against Defendant's appeal from entry of a preliminary injunction by this Court, litigating several motions related to enforcement of the injunction, assisting class members and their families with availing themselves of their rights under the preliminary injunction order, and monitoring the Department's compliance with the preliminary injunction for approximately 20 months.

7. Federal Rule of Civil Procedure 23(h) generally requires notice to the class of a proposed settlement of attorneys' fees. Because there is presently only one person in custody who meets the class definition, there is no one else to whom notice of this settlement can be provided.

8. There is no known opposition to this settlement. The class representatives support the settlement and are satisfied that the Department has complied with the preliminary injunction such that the class has received all of the relief they sought in bringing this case. Monetary damages were not sought by the class in this case.

9. Defendant does not oppose approval of this settlement.

WHEREFORE, Plaintiffs respectfully request that this Court approve the settlement of class counsel's attorneys' fees and costs for $218,340.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net