IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD STONE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LATOYA HUGHES, in her official capacity as the Director of the Illinois Department of Corrections,<br><br>    Defendant. | No. 21-cv-5616 |

**ORDER**
**APPROVING SETTLEMENT AND DISMISSING ACTION**

Pursuant to Fed. R. Civ. P. 23(e), the Court grants Plaintiffs' unopposed motion for approval of the parties' settlement and finds that the proposed settlement is fair, reasonable and adequate for the following reasons:

1. This case was certified as a class action on behalf of "All individuals currently or in the future detained in the Illinois Department of Corrections who are required to register as sex offenders pursuant to the Sex Offender Registration Act (730 ILCS 150), have completed their sentences of incarceration, and are entitled to release from prison onto MSR for a determinate period of time, but remain detained imprisoned because they are unable to secure an approved host site at which to live while on MSR." ECF 97.

2. The Court granted Plaintiffs' motion for a preliminary injunction on August 30, 2022, and "enjoined [Defendant] from holding members of the certified

class in prison past their release dates due to their inability to secure an approved 'host site' at which to reside while on mandatory supervised release." ECF 78.

3. The class has obtained the relief sought in the litigation. The IDOC is in substantial compliance with the preliminary injunction. Persons with determinate MSR sentences are being released on their release dates. There is sufficient housing through the Intensive Community Reintegration Program ("ICRP") to accommodate those who cannot afford to obtain their own host sites.

4. There is no known opposition to the settlement.

5. The Court finds that the settlement was entered into by the parties in good faith after arms' length negotiations. The Court further finds that Plaintiffs' Counsel and Plaintiffs adequately represented the Class for purposes of negotiating the settlement.

6. The Court fully and finally approves the settlement as fair, reasonable, and adequate as to, and in the best interests of the Class, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7. The parties have negotiated a settlement of fees and costs whereby Defendant has agreed to pay a total of $218,340 to resolve all claims for fees and costs incurred by Plaintiffs' counsel in representing the class. The Court approves this amount as fair and reasonable.

8. This action is hereby dismissed with prejudice, without fees or costs to any party except as provided in Paragraph 7 above.

8/16/2024
Date

*Virginia M. Kendall*
Virginia M. Kendall
United States District Judge